IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                              08-CR-157-A

JAMES G. LITZ,

           Defendant.

---

**GOVERNMENT'S RESPONSE
TO DEFENDANT'S NOTICE OF MOTION**

The United States of America by Assistant United States Attorney Trini E. Ross, hereby acknowledges receipt of a Notice of Motion/Affidavit ("Motion") dated July 28, 2010, filed on behalf of the defendant, JAMES G. LITZ, in the above-captioned matter. The government's opposition response to said motion is set forth below.

**I. PROCEDURAL HISTORY**

On June 19, 2008, the Grand Jury for the Western District of New York returned a one-count Indictment charging JAMES G. LITZ with a violation of Title 18, U.S.C., § 242, depravation of civil rights. On April 16, 2010, the Indictment was unsealed before Magistrate Judge Jeremiah J. McCarthy. On April 23, 2010, the

defendant appeared before this Court and plead guilty to the Indictment.

On April 16, 2010, the Court provided counsel with specific dates for submission of sentencing papers. The Court specified that motions to adjourn sentencing should be submitted by July 26, 2010, and scheduled the sentencing for August 4, 2010 at 12:30 p.m.

**II. THE COURT SHOULD DENY THE DEFENDANT'S MOTION TO ADJOURN SENTENCING.**

On July 28, 2010, the defendant, through his counsel Herbert L. Greenman, made a motion to adjourn sentencing until after November 1, 2010 due to a proposed amendment to the Sentencing Guidelines. The Court should deny this motion for the reasons set forth below.

(i) <u>Defendant's motion is untimely</u>

As stated by the Court in it's "Due Dates for Submission of Sentencing Papers," motions to adjourn sentencing were to be made no later than July 26, 2010. The defendant's motion in the instant case was made on July 28, 2010, two days after the date set by this Court. As such, the defendant's motion is untimely and should not be granted.

(ii) <u>Proposed Amendment to the Sentencing Guideline has been pending before Congress since on or about April 30, 2010</u>

In the defendant's motion to adjourn sentencing, Mr. Greenman states that he learned for the first time this week that the ". . . Sentencing Commission has proposed to . . .Congress that an amendment be passed to the extent that the Guideline Zone C be changed such that Zone C will include an offense level of 13 from the previous offense level 12." (Defense Motion at ¶3).

The aforementioned proposed amendment to the Sentencing Guidelines was presented to Congress on or about April 30, 2010. As of the date of the government's response to the defendant's motion to adjourn sentencing, Congress has taken no action on the proposed amendment. Thus, the proposed amendment was pending on July 26, 2010, the date which the Court provided to counsel as the final date to make motions to adjourn sentencing. Since this proposed amendment had been pending for months prior to the defendant's motion to adjourn and, prior to the July 26, 2010 date the Court gave to counsel to make adjournment motions, the Court should deny the defendant's request to adjourn sentencing due to the pending proposed amendment to the Sentencing Guidelines.

(iii) <u>The Court should not adjourn sentencing due to a pending amendment of the Sentencing Guidelines because doing so would be contrary to Title 18, U.S.C. §3771 (Crime Victims' Rights)</u>

The defendant is requesting an adjournment of several months

based on a proposed amendment to the Sentencing Guidelines which, if approved, would be favorable to the defendant's sentence in this case. (Motion at ¶¶3-4).

As the Court is aware, there is a crime victim associated with this case and, pursuant to Title 18, U.S.C. §3771(7), that victim has the right ". . . to proceedings free from **unreasonable** delay."(Emphasis added). It is the government's position that granting the defendant's motion to adjourn sentencing for several months due to a proposed amendment which, if adopted would be favorable to the defendant, would amount to an "unreasonable delay" to the crime victim and, therefore, would be contrary to the crime victim's rights.

Furthermore, it is the government's position that the defendant should not be allow to benefit from speculation of what Congress may do regarding pending amendments to the Sentencing Guidelines. Indeed, if Congress fails to adopted this proposed amendment the defendant would be in the same position regarding his sentence even if sentencing is adjourned until after November 1, 2010, and the crime victim will have had to wait several additional months to have final resolution to this case.

Lastly, the government's position is that the defendant should

not be allowed to potentially better his position regarding his sentence by delaying his sentencing based upon speculation of the enactment of proposed changes to the Sentencing Guidelines.

**III. CONCLUSION**

For the reasons specified herein, the defendant's motion to adjourn sentencing should be denied.

DATED: Buffalo, New York, July 29, 2010.

        Respectfully submitted,

        WILLIAM J, HOCHUL, JR.
        United States Attorney

BY:  S/ TRINI E. ROSS
     Assistant United States Attorney
     United States Attorney's Office
     Western District of New York
     138 Delaware Avenue
     Buffalo, New York 14202
     (716) 843-5700, ext. 805
     trini.ross@usdoj.gov

TO: Herbert L. Greenman, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

   v.              08-CR-157-A

JAMES G. LITZ,

     Defendant.

---

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2010, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE OF MOTION** with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

  Herbert L. Greenman, Esq.


         S/ JOANNE BEALE